FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 2 0 2009

JAMES N. HATTEN, Clerk
By: /s/ _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ISAAC E. SOJOURNER, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0597-TWT-ECS |
| RICHARD REED, | : | |
| Respondent. | : | |

## ORDER AND OPINION

Isaac Sojourner is being held in the Rockdale County Jail in Conyers, Georgia, awaiting trial in state court. Sojourner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his detention. [Doc. 1]. Sojourner's submission, including exhibits, is 37 pages long. His claims are captioned: "Defected Due Process," "Prudent Compulsory Process Denied," "Ineffective Assistance of Counsel," "Excessive Bail Imposed," and "Denied State Forms." Because Sojourner is proceeding *pro se*, this Court construes his petition liberally. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).

In light of Sojourner's pending criminal trial in state court, this Court must first determine whether *Younger* abstention is appropriate. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a

desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). "[A]bsent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989). This is not a jurisdictional limitation, but rather one based on principles of equity and comity. *Id.* Exceptions to *Younger* abstention are made in very limited circumstances when (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54). Sojourner has proffered no facts demonstrating a substantial basis for a finding that this case ought to be excepted from the application of *Younger* abstention.

Sojourner should, in the first instance, seek relief relating to the claims in his federal habeas petition directly in the pending Georgia criminal proceeding or in a Georgia habeas corpus proceeding. *See* O.C.G.A. §§ 9-14-1(a) & 9-6-20.

AO 72A
(Rev.8/82)

IT IS ORDERED that Sojourner's petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED, this 20 day of March, 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)